FILED

2012 APR 10  PM 12: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

BRIAN E. CLAYPOOL, SBN 134674
THE CLAYPOOL LAW FIRM
1055 E. Colorado Blvd., 5th Floor
Pasadena, California 91106
becesq@aol.com
Telephone:   (626) 240-4616
Facsimile:   (626) 796-9951

STEPHEN R. GOOSTREY, SBN 112981
JAMES D. GUSTAFSON, SBN 125772
GUSTAFSON & GOOSTREY, LLP
216 N. Glendora Avenue, Suite 200
Glendora, California 91741
Telephone: (626) 610-4336
Facsimile: (626) 610-4337

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRIT OF CALIFORNIA

MARIA MACIAS, an individual; and
LIDIA AMESQUITA, an individual

          Plaintiffs,

     vs.

CITY OF LONG BEACH; and DOES 1
through 10, inclusive.

          Defendants.

Case No. **CV12-3113** PA (FFM)

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

1. Unreasonable Search and Seizure—
   Detention and Arrest (42 U.S.C. §
   1983);
2. Unreasonable Search and Seizure
   and Due Process – Excessive Force
   and Denial of Medical Care (42
   U.S.C. § 1983);
3. Municipal Liability for
   Unconstitutional Custom, Practice
   or Policy (42 U.S.C. § 1983);
4. False Arrest/False Imprisonment;
5. Battery;
6. Negligence;
7. Violation of Bane Act (Cal. Civil
   Code  § 51.7);
8. Wrongful Death;
9. Survival Action;

## JURISDICTION AND VENUE

1.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## COMPLAINT FOR DAMAGES

3.      Maria Macias, an adult woman and Lidia Amesquita, an adult woman, for their complaint against Defendants City of Los Angeles and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

4.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution, Constitution of the State of California and California State Law in connection with the fatal police shooting of the decedent, Ismael Lopez.

## PARTIES

5.      At all relevant times, decedent, Ismael Lopez ("DECEDENT") was an individual residing in the City and County of Los Angeles, California.

6.     Plaintiff, Maria Macias ("MACIAS") is an individual residing in the City of Long Beach and County of Los Angeles, California and is the natural born sister of DECEDENT. MACIAS sues in a representative capacity as a successor-in-interest to DECEDENT. MACIAS seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiff, Lidia Amesquita ("AMESQUITA") is an individual residing in the City of Long Beach and County of Los Angeles, California and is the natural mother of DECEDENT. AMESQUITA sues in her individual capacity as the mother of DECEDENT. AMESQUITA seeks damages as alleged herein under both state and federal law.

8.     At all relevant times, Defendant CITY OF LONG BEACH ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10, who were CITY Police Officers, and/or who were managerial, supervisorial, and policymaking employees of the CITY Police Department. DOES 1-10 are sued in their individual capacity for damages only.

9.     At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as CITY Police Officers and with the complete authority and ratification of their principal, Defendant CITY.

10.     At all relevant times, Defendants DOES 1-10 were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

11.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

12.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

13.     The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

14.     On October 5, 2011, Plaintiffs filed a comprehensive and timely claim for damages with CITY pursuant to the applicable sections of the California Government Code (Tort Claims Act).

15.     Plaintiffs' claims were rejected by CITY in or around November of 2011.

COMPLAINT FOR DAMAGES

## FACTS COMMON TO ALL CAUSES OF ACTION

16.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17.     On August 26, 2011, police were called to the parking lot of the Superior Warehouse Supermarket regarding an alleged fight. DECEDENT was walking along the driveway of an apartment building at 223 E. 10th Street, Los Angeles when police first saw him.At that time, a CITY Police Officer, DOE 1, pulled up on his motorcycle on E. 10th Street. DOE 1 stopped and stood without dismounting, pulled his firearm and shot DECEDENT without any warning. At no time before shooting his firearm did DOE 1 give DECEDENT any commands or warnings.  Without any provocation whatsoever, and knowing that DECEDENT posed no imminent threat of harm to him, CITY Police Officer, DOE 1, fired at DECEDENT four to six times.  DECEDENT was firststruck by one of the firsttwo shots.  DECEDENT was heard yelling: "I am hit, I am bleeding"but CITY Police Officer(s) nevertheless continued firing. DECEDENT stumbled and fell in the driveway next to 223 E. 10th Street bleeding.Based on the location of the entry would it is likely that DECEDENT was in the process of surrendering. CITY Police Officer DOES OFFICERS approached DECEDENT with guns drawn but did not handcuff him.DOES OFFICERS waited several minutes before calling for

emergency medical attention and it was at least 15 minutes before paramedics arrive and pronounced DECEDENT dead at the scene.

18.     At the time of the shooting, DECEDENT was unarmed and posed no imminent threat of death or serious physical injury to either DOES1 through 10 or any other person.  DECEDENT was at no time running away from CITY DOES OFFICERS as he walked with a limp and was not able to run. At the time of the shooting, DECEDENT was not a gang member, was not a suspect in the commission of any crime and had not committed any crime.   The use of deadly force was excessive and objectively unreasonable under the circumstances.  Given that DECEDENT was unarmed, posed no threat and given the number of shots fired without warning, the use of deadly force in this case demonstrated a deliberate indifference to the health and safety of DECEDENT and shocks the conscience.

19.     On information and belief, Defendants DOES OFFICERS had no information that DECEDENT had committed a felony or that he was in possession of a weapon.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**
(Against Defendants DOES 1-10)

20.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-19 of this Complaint with the same force and effect as if fully set forth herein.

21.     Defendants DOES 1-10 caused DECEDENT to be detained and arrested in violation of this right to be secure in his person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22.     As a result of the conduct of Defendants, DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

23.     The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

24.     The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

25.     Plaintiff MACIAS brings this claim as successor-in-interest to DECEDENT and seeks both survival and wrongful death damages from the wrongful acts and/or omissions arising under this cause of action.  Plaintiff also seeks attorneys' fees under this claim.

### SECOND CLAIM FOR RELIEF
**Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)**
(Against Defendants DOES 1-10)

26.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.  Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

27.   Defendants DOES 1-10's  unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.   As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral expenses and burial expenses and a loss of financial support.

29.   As a result of their conduct, Defendants DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

30.     Defendants DOES 1-10 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

31.     The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

32.     Plaintiff MACIAS as successor-in-interest is seeking both survival and wrongful death damages from the wrongful acts and/or omissions arising under this cause of action.  Plaintiff also seeks attorneys' fees under this claim.

## THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against All Defendants)

33.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     On and for some time prior to August 26, 2011, (and continuing to the present date) Defendants DOES 1-10 and CITY, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments t the United States Constitution, in that said defendants and

their supervising and managerial employees, agents, and representatives, acting with

gross negligence and with reckless and deliberate indifference to the rights and

liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons

in their class, situation and comparable position in particular, knowingly maintained,

enforced and applied an official recognized custom, policy, and practice of: Having

and maintaining an unconstitutional policy, custom, and practice of detaining and

arresting individuals without probable cause or reasonable suspicion, and using

excessive force, including deadly force, which also is demonstrated by inadequate

training regarding these subjects. The policies, customs, and practices of DOES 1-

10 and CITY, were done with a deliberate indifference to individuals' safety and

rights.

      35.    By reason of the aforementioned policies and practices of Defendants

DOES 1-10 and CITY, DECEDENT was severely injured and subjected to pain and

suffering and lost his life.

      36.    Defendants DOES 1-10, together with various other officials, whether

named or unnamed, had either actual or constructive knowledge of the deficient

policies, practices and customs alleged in the paragraphs above. Despite having

knowledge as stated above these defendants condoned, tolerated and through actions

and inactions thereby ratified such policies. Said defendants also acted with

deliberate indifference to the foreseeable effects and consequences of these policies

with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

37.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10, acted with an intentional and reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights.  Defendants DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

38.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-10, were affirmatively linked to:  (a) Employing and retaining as CITY Police Officers and other personnel, including Defendants DOES OFFICERS, who Defendants DOES and CITY, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies; (b) Or inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including Defendants DOES 1-10, who Defendants DOES 1-10 and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; (c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES

-11-
COMPLAINT FOR DAMAGES

OFFICERS who are Police Officers of CITY; (d) By failing to adequately train officers, including Defendants DOES 1-10, and failing to institute appropriate policies, regarding constitutional procedures and practices for traffic stops and shooting at vehicles;  (e) By ratifying the intentional misconduct of Defendants DOES 1-10, who are Police Officers of CITY;  (f) By failing to discipline CITY Police Officers conduct, including but not limited to, of unlawful detention and excessive force; (g) By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers; (h) By conspiring to give a false account of the incident to attempt to justify the use of deadly force; and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

39.     By reason of the aforementioned acts and omissions of Defendants DOES 1-10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

40.     By reason of the aforementioned acts and omissions of Defendants DOES 11-20, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

41.     Accordingly, Defendants DOES 1-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

42.     Plaintiffs seek both wrongful death and survival damages under this claim.  Plaintiff MACIAS bring this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under federal law.

AMESQUITA brings this claim in her individual capacity for wrongful death damages under federal law.  Plaintiffs also seek attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants DOES 1-10)

43.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44.     Defendants DOES 1-10, while working as Police Officers for CITY Police Department, and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  Defendants DOES 1-10 also detained DECEDENT without reasonable suspicion.  The involved officers also arrested the DECEDENT without probable cause.

45.     DECEDENT did not knowingly or voluntarily consent.

46.     The conduct of Defendants DOES 1-10 was a substantial factor in causing the harm to DECEDENT.

47.     CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the

scope of the employment if the employees's act would subject him or her to liability.

48.     The conduct of Defendants DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

49.     Plaintiff MACIAS bring this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.

## FIFTH CLAIM FOR RELIEF
**Battery (Cal. Govt. Code § 820 and California Common Law)**
(Wrongful Death)
(Against Defendant DOES 1-10 and CITY)

50.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.     Defendant DOES 1-10, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT.  The shooting was a use of unreasonable force and which DECEDENT did not consent to.  As a result of the actions of Defendants DOES 1-10, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  He also lost all earning capacity.  DOES 1-10 had no legal justification for using force against DECEDENT and said Defendants' use of force while carrying out their police duties was an unreasonable use of force.

52.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  CITY is vicariously liable for the wrongful acts of Defendant DOES 1-10 pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

53.     The conduct of Defendant DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages.

54.     Plaintiff MACIAS brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.

## SIXTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820 and California Common Law)**
(Wrongful Death)
(Against All Defendants)

55.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a) failing to properly and adequately assess the need to detain, arrest and use force or deadly force against DECEDENT;

(b) using negligent tactics and handling of the situation with DECEDENT, including providing DECEDENT with no warnings or commands before beginning to shoot;

(c) the negligent detention, arrest, tactics in conducting an investigation into a report of a crime committed elsewhere by someone other than DECEDENT, and negligent use of force, including deadly force against DECEDENT, including shooting DECEDENT when he was in a position of surrendering, had no weapon, and passed no immediate threat of harm to officers or anyone else;

(d) the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-10;

(f) failing to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g) the negligent handling of evidence and witnesses.

57.     As a direct and proximate result of defendant's conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain, suffering and ultimately died and lost earning capacity.  Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

58.     CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10  pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

59.     The conduct of Defendants DOES 1-20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

60.     Plaintiff MACIAS brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.

### SEVENTH CLAIM FOR RELIEF
**Violation of the Bane Act (Cal. Civil Code § 51.7 and California Common Law)(Against All Defendants)**

61.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     Defendants DOES OFFICERS, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

63.     DECEDENT reasonably believed that if he exercised his constitutional rights, Defendants DOES 1-10 would commit acts involving violence, threats, coercion, or intimidation against him or his property.

64.     Defendants DOES 1-10 injured DECEDENT to prevent DECEDENT from exercising his rights or retaliated against DECEDENT for having exercised his rights.

65.     DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Plaintiffs suffered severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have been deprived of the life-long comfort,

support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

66.     The conduct of Defendants DOES 1-10, was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

67.     CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability.

68.     The conduct of Defendants DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

69.     Plaintiff MACIAS brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law. Plaintiffs also seek attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### (Wrongful Death – California Code of Civil Procedure § 377.60)

(Against all Defendants)

70.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.     As the surviving heirs and successors-in-interest of DECEDENT, Plaintiffs assert a wrongful death action against all defendants pursuant to § 377.60 et. seq. of the California Code of Civil Procedure.  Said claim is based upon the fact that the negligent, reckless and wrongful acts and omissions of defendants, as alleged herein, were a direct and legal cause of death of DECEDENT and the resulting damages to Plaintiffs.

72.     Plaintiffs are informed and believe and thereon allege that the aforementioned acts of defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the individually named defendants DOES 1-10 in an amount to be determined at the time of trial.Plaintiffs are also claiming wrongful death damages under Federal and State law.

## NINTH CAUSE OF ACTION

**(Survival Action 42 U.S.C 1983; California Code of Civil Procedure § 377.34)**
(Against All Defendants)

73.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

74.    This cause of action is brought pursuant to 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.34.

As a proximate result of the wrongful conduct of defendants as alleged herein, DECEDENT suffered intense physical and emotional pain, anguish, distress, despair and suffering all during the time of the excessive force by defendants all until the moment of his death at the hands of said defendants as well as property and pecuniary loss.  Plaintiffs are claiming survival damages under Federal and State law.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request entry of judgment in their favor and against Defendants CITY and DOES 1 through 10, inclusive, as follows:

A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.    For funeral and burial expenses, and loss of financial support;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For interest;

E.    For reasonable costs of this suit and attorneys' fees; and

F.    For such other and further relief as the Court may deem just, proper, and appropriate.

DATED:  April, _9_, 2012                     THE CLAYPOOL LAW FIRM

                                             By: _____
                                                   Brian Claypool
                                                   Attorneys for Plaintiffs

DATED:  April, _9_, 2012                     GUSTAFSON & GOOSTREY, LLP

                                             By: _____
                                                   Stephen R. Goostrey
                                                   Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2     PLAINTIFFS hereby demand a trial by jury.

3

4     DATED:  April 9, 2012          THE CLAYPOOL LAW FIRM

5

6                                    By: _____
                                         Brian E. Claypool
7                                        Attorneys for Plaintiffs

8

9

10

11    DATED:  April 9, 2012          GUSTAFSON & GOOSTREY LLP

12

13                                   By: _____
                                         Stephen R. Goostrey
14                                       Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 3113 PA (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Maria Macias, an individual;
Lidia Amesquita, an individual

**PLAINTIFF(S)**

v.

City of Long Beach; and DOES
1-10, inclusive

**DEFENDANT(S).**

**CASE NUMBER**

CV12-3113 PA (FFM)

**SUMMONS**

TO:   DEFENDANT(S): _City of Long Beach and DOES 1-10, inclusive_

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Brian E. Claypool_____, whose address is _1055 E. Colorado Blvd., 5th FL Pasadena, CA 91106___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

**SEAL**
**MARILYN DAVIS**

Dated: __APR 1 0 2012_____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Maria Macias, an individual;
Lidia Amesquita, an individual

**DEFENDANTS**

City of Long Beach and
DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Staypool Law Firm
1055 E. Colorado Blvd, 5th FL
Pasadena, CA 91106
(626) 240-4616

Goostrey & Gustafson LLP
816 N. Glendora Ave. #200
Glendora, CA 91741
(626) 610-4336

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1983

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:** Case Number: _____ CV12-3113

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   4/9/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |